IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE SUBPOENA SERVED ON E.
MARK BRADEN,

## MEMORANDUM IN SUPPORT OF

## MOTION TO QUASH SUBPOENA TO E. MARK BRADEN

Plaintiffs seek production of documents and information from E. Mark Braden (the "Movant"), an attorney, for work he did for a client. These materials are protected from production by the attorney-client privilege, and Plaintiffs' subpoenas should be quashed.

### I. BACKGROUND

In the underlying lawsuit, Plaintiffs seek declaratory and injunctive relief based on allegations that the congressional redistricting plan, as passed by the Ohio legislature in 2011, is unconstitutional. *See*, *Ohio A. Philip Randolph Institute v. Kasich*, No. 1:18-cv-00357-TSB-KNM-MHW-KLL (S.D. Ohio, filed May 23, 2018); and, *see*, ECF No. 37. The matter is pending before a three-judge panel in the Southern District of Ohio.

In June and July 2018, Plaintiffs issued two subpoenas to Mr. Braden, who is not a party to the proceeding. Mr. Braden is an attorney who was retained by the Ohio Attorney General's office as special counsel to advise the legislature during the 2011 redistricting cycle. In that role, Mr. Braden provided legal advice.

Plaintiffs' subpoenas to Mr. Braden command production of a broad range of documents, including a request for "[a]ll documents regarding or related to the redistricting of the Ohio

congressional map conducted as a result of the 2010 Census and reapportionment of seats in 2011" (the "First Subpoena *Duces Tecum*") and "[a]ll Documents produced to any other person in connection with any redistricting legislation" (the "Second Subpoena *Duces Tecum*") (together the "Subpoenas"). A true and correct copy of the First Subpoena *Duces Tecum* is attached hereto as Exhibit A. A true and correct copy of the Second Subpoena *Duces Tecum* is attached hereto as Exhibit B.

Both subpoenas seek disclosure of information protected by the attorney-client privilege and subject Mr. Braden to undue burden. For these reasons, the subpoenas must be quashed.

## II.   ARGUMENT

### I.   The Subpoenas target production from a lawyer for work he did for a client and they should be quashed.

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Upon motion, a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(iii). A court also must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv). The Subpoenas should be quashed because the attorney-client privilege protects Mr. Braden from responding to them, and the scope of the Subpoenas imposes an undue burden.

The Subpoenas seek information protected by attorney-client privilege. Mr. Braden is an attorney licensed to practice in Ohio and the District of Columbia. He was retained by the Ohio Attorney General's office as special counsel to advise the legislature during the 2011 redistricting cycle. He provided only legal, and no political or other non-privileged, advice. As such, all communications between Mr. Braden or his agents and members of the legislature or

their agents reflecting legal advice, showing requests for legal advice, relaying or requesting facts or information needed to render legal advice, involving the general back-and-forth between an attorney and a client as part of the client's legal representation, or involving a client's internal discussion of legal advice its attorney has rendered are privileged. Mr. Braden only has documents related to the 2011 redistricting cycle in Ohio because of his role as counsel to the legislature. Mr. Braden's counsel is not an issue in this litigation and this privilege has not been waived.

These materials are responsive to the Subpoenas, which request "[a]ll [d]ocuments regarding or relating to the redistricting of the Ohio congressional map," including "final, proposed, or draft maps," and "all communications…with any person regarding the redistricting of the Ohio congressional maps…." *See* Exhibits A and B.

The documents sought by the Subpoenas are protected by the attorney-client privilege and not subject to discovery. This privilege has been recognized in the District of Columbia for more than a century:

> The rule which excludes evidence of confidential communications from client to counsel as privileged, is founded upon considerations of public policy, and should be maintained inviolate by the courts. … In the absence of proof to the contrary, all communications between a client and counsel, upon business matters, will be presumed to be privileged and will be protected as such.

*Oliver v. Cameron*, 11 D.C. 237, 237 (D.C. 1880). Under the Federal Rules of Civil Procedure, parties may only obtain discovery of relevant material to the extent it is not privileged. Fed. R. Civ. P. 26(b)(1). Thus, where the attorney-client privilege applies, Plaintiffs are not entitled to discovery, and given the breadth of the requests in the Subpoenas, the privilege applies broadly here. For this reason, the Supboenas should be quashed.

### B. The Subpoenas impose an undue burden on Mr. Braden.

The Subpoenas' requests that do not target privileged material seek overly broad production of information wholly irrelevant to the underlying litigation. This information is not "important" to the issues at stake in the action or to resolving the issues in dispute, putting the requests outside the scope of allowable discovery under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1) (limiting scope of discovery to those matters "relevant to any party's claim or defense," and important to the "issues at stake in the action" or to "resolving [those] issues").

Mr. Braden is not a party to the proceeding and, while third-party discovery is permitted under the Federal Rules, "the court must limit the extent of discovery that is, *inter alia*, unreasonably cumulative or duplicative, outside the permitted scope of Rule 26(b)(1), or obtainable from another source that is more convenient, less burdensome, or less expensive." *Sourgoutsis v. United States Capitol Police*, 323 F.R.D. 100 (D.D.C. Nov. 21, 2017).

Plaintiffs' requests are overbroad, seeking, for example, "[a]ll [d]ocuments produced to any other person in connection with **any** redistricting litigation." (Exhibit B, page 6) (emphasis added). "Redistricting litigation" is defined as "any litigation, legal process, or investigation regarding or relating to the redistricting of congressional maps conducted as a result of the decennial Census and reapportionment of seats." (Exhibit B, page 4). Plaintiffs' requests do not include a timeframe limitation and Mr. Braden has worked on redistricting matters and litigation for over 38 years in at least a dozen states. In order to respond to these requests—wholly unrelated to the underlying matter—Mr. Braden would be required to review and produce decades' worth of files and electronic materials, and prepare a log for any privileged materials. These overbroad requests, issued to a third-party, then, violate another restriction on discovery under Rule 26: they are above and beyond what is proportional to the needs of the underlying case and would incur an expense far greater than any benefit these materials could provide.

Finally, because privilege applies to any responsive document, responsive privileged documents would need to be identified on a privilege log. Producing this type of log—identifying dates, times and subject matter of every piece of communication and work product—would expose the entire attorney-client relationship. Preparing the log—documenting every single piece of communication and work product for an entire matter—would be an undue burden. Upon motion, a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(iii). A court also must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv).

## CONCLUSION

For the reasons set forth above, Mr. Braden respectfully request that his Motion be granted and the Subpoenas served on him be quashed. A proposed order is attached.

Dated: July 17, 2018

Respectfully submitted,

E. MARK BRADEN

By Counsel

Respectfully submitted,

*[signature: Kate McKnight]*

Katherine L. McKnight

BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
kmcknight@bakerlaw.com
Phone: (202) 861-1500
Fax: (202) 861-1783

*Counsel for E. Mark Braden, Esq.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of July, 2018 the foregoing Memorandum of Points and Authorities in Support of Motion to Quash Subpoenas to E. Mark Braden and/or for a Protective Order was served by mail on

**Freda J. Levenson**
ACLU of OHIO
4506 Chester Avenue, Cleveland, OH 44103

*Counsel for Plaintiffs Ohio A. Philip Randolph Institute, League of Women Voters of Ohio, Linda Goldenhar, Douglas Burks, Sarah Inskeep, Cynthia Libster, Kathryn Deitsch, LuAnn Boothe, Mark John Griffiths, Lawrence Nadler, Chitra Walker, Ria Megnin, Andrew Harris, Aaron Dagres, Elizabeth Myer, Erin Mullins, Teresa Thobaben, Constance Rubin, Hamilton County Young Democrats, Tristan Rader, Northeast Ohio Young Black Democrats, Beth Hutton, and The Ohio State University College Democrats*

_____
Katherine L. McKnight

BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
kmcknight@bakerlaw.com
Phone: (202) 861-1500
Fax: (202) 861-1783

*Counsel for E. Mark Braden, Esq.*