# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| Ohio A. Philip Randolph Institute, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-cv-00357-TSB-KNM-MHW |
| Kasich, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Mark Braden
1050 Connecticut Avenue NW, Suite 1100, Washington, D.C. 20036-5403

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A (attached).

| Place: ACLU of the District of Columbia, Attn: Scott Michelman<br>915 15th Street NW, 2nd Floor<br>Washington, D.C. 20005 | Date and Time:<br>07/13/2018 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/15/2018

*CLERK OF COURT*

OR

_____          s/ Freda J. Levenson
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Ohio Philip A. Randolph Institute, et al.                                , who issues or requests this subpoena, are:

Freda J. Levenson, 4506 Chester Ave., Cleveland OH 44103, flevenson@acluohio.org, (216) 472-2220

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-00357-TSB-KNM-MHW

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, LEAGUE OF WOMEN VOTERS OF OHIO, LINDA GOLDENHAR, DOUGLAS BURKS, SARAH INSKEEP, CYNTHIA LIBSTER, KATHRYN DEITSCH, LUANN BOOTHE, MARK JOHN GRIFFITHS, LAWRENCE NADLER, CHITRA WALKER, RIA MEGNIN, ANDREW HARRIS, AARON DAGRES, ELIZABETH MYER, ERIN MULLINS, TERESA THOBABEN, and CONSTANCE RUBIN, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN KASICH, Governor of Ohio, JON HUSTED, Secretary of State of Ohio, RYAN SMITH, Speaker of the Ohio House of Representatives, and LARRY OBHOF, President of the Ohio Senate, in their official capacities, <br><br> Defendants. | SCHEDULE A TO SUBPOENA TO MARK BRADEN FOR PRODUCTION OF DOCUMENTS <br><br> No. 1:18-cv-00357 <br><br> Judge Timothy S. Black <br> Judge Karen Nelson Moore <br> Judge Michael H. Watson <br> Magistrate Judge Karen L. Litkovitz |

### DEFINITIONS

1. "You" or "Your" means Mark Braden, and all persons acting, or purporting to act, on his behalf, including but not limited to his agents and reports during 2010 and 2011.

2. "Associated with" shall mean employed by, under contract with, acting as the agent of, representing, or otherwise affiliated with an organization or person.

3. "Communication" is used in the broadest possible sense and means every conceivable manner or means of disclosure, transfer or exchange of oral or written information between one or more persons, entities, devices, platforms or systems.

1

4. "Concerning," "Reflecting," "Regarding," and "Relating to" are used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reporting, stating, or summarizing.

5. "District" shall refer to Ohio congressional districts, and shall not refer to state legislative districts.

6. "Document" is used in the broadest possible sense to mean anything which may be within the meaning of Rule 45 of the Federal Rules of Civil Procedure, and includes without limitation any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" includes without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," text messages, social media communications, voice mail messages, instant messaging, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes, and any preliminary versions, as well as drafts or revisions

of any of the foregoing, whether produced or authored by a plaintiff or anyone else. The term "Document(s)" includes the defined term "Electronically Stored Information," which is defined below.

7. "Electronically Stored Information" or "ESI" shall include, but not be limited to, any and all electronic data or information stored on a computing device. Information and data is considered "electronic" if it exists in a medium that can only be read through the use of computing device. This term includes but is not limited to databases; all text file and word processing Documents (including metadata); presentation Documents; spreadsheets; graphics, animations, and images (including but not limited to JPG, GIF, BMP, PDF, PPT, and TIFF files); email, email strings, and instant messages (including attachments, logs of email history and usage, header information and "deleted" files); email attachments; calendar and scheduling information; cache memory; Internet history files and preferences; audio; video, audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; computer system activity logs; servers; archives; back-up or disaster recovery systems; hard drives; discs; CDs; diskettes; removable drives; tapes; cartridges and other storage media; printers; scanners; personal digital assistants; computer calendars; handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems. This term includes but is not limited to onscreen information, system data, archival data, legacy data, residual data, and metadata that may not be readily viewable or accessible, and all file fragments and backup files.

8. "HB 319" shall refer to Ohio House Bill 319 passed by the 129th General Assembly on September 20, 2011, and signed into law by Governor John Kasich on September 26, 2011.

3

9. "HB 369" shall refer to Ohio House Bill 369 passed by the 129th General Assembly on December 14, 2011, and signed into law by Governor John Kasich on December 15, 2011.

10. "Meeting" shall refer not only to in-person meetings, but also to telephonic and video conference meetings.

11. "Ohio congressional map" shall refer to the Ohio congressional maps drawn as a result of the 2010 Census and reapportionment of seats, including the maps adopted in HB 319 and HB 369, as well as any alternative, proposed, or draft maps. This definition includes maps of one or more individual districts as well as maps that encompass the entire state.

12. "Person(s)" shall refer not only to natural persons, but also without limitation to firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, government entities, and/or any other type of legal entities. All references to a person also include that person's agents, employees (whether part-time or full-time), and representatives.

13. "Possession" means Your immediate possession, including items held by agents and employees, and any and all other principals or assigns, as well as constructive possession by virtue of Your ability to retrieve the aforesaid Document or information.

## GENERAL INSTRUCTIONS

1. You are to produce entire Documents, including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any Documents. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Please produce all electronically-stored Documents in electronic, machine-readable form,

together with sufficient Documentation of variable names and descriptions and any other information necessary to interpret and perform calculations on such data.

2. If You object to any part of a Request, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.

3. If any privilege or immunity is claimed as a ground for not producing a Document or tangible thing, provide a written log describing the basis for the claim of privilege or immunity that identifies each such Document and states the ground on which each such Document is asserted to be privileged or immune from disclosure. Any attachment to an allegedly privileged or immune Document shall be produced unless you contend that the attachment is also privileged or immune from disclosure.

4. Whenever necessary to bring within the scope of a Request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

    a. Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive;

    b. Construing the singular form of any word to include the plural and the plural form to include the singular;

    c. Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

    d. Construing the masculine form to include the feminine form;

    e. Construing negative terms to include the positive and vice versa;

    f. Construing "include" to mean include or including "without limitation."

5. If there are no Documents responsive to a particular category, please so state in writing. If any Documents or parts of Documents called for by this Document request have been lost, discarded, or destroyed, identify such Documents as completely as possible on a

5

list, including, without limitation, the following information: a description of the document (author, date, to whom it was communicated, subject(s) and format), date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the Document.

6. These Document Requests request Documents in Your possession, including Documents of Your employees, agents and representatives, and unless privileged, Your attorneys.

7. These Document Requests are continuing in character so as to require You to produce additional Documents if You obtain further or different information at any time before trial.

8. If there is any question as to the meaning of any part of these Requests, or an issue as to whether production of responsive Documents would impose an undue burden on You, the undersigned counsel for Plaintiffs should be contacted promptly.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents regarding or relating to the redistricting of the Ohio congressional map conducted as a result of the 2010 Census and reapportionment of seats in 2011.

### REQUEST FOR PRODUCTION NO. 2:

All Documents relating to your involvement in the redistricting of the Ohio congressional map conducted in 2011, including but not limited to (a) communications with persons relating to the Ohio congressional map or redistricting in general; (b) reports (draft or final) or analyses, and Documents reflecting such reports and analyses relating to the Ohio congressional map; and (c)

information shared with any person to assist them in their work related to the Ohio congressional map.

**REQUEST FOR PRODUCTION NO. 3:**

All communications, and Documents regarding or relating to such communications, with any person regarding the redistricting of the Ohio congressional maps following the 2010 Census, including but not limited to John Morgan, Matt Schuler, Mike Dittoe, Troy Judy, William Batchelder, Clark Bensen, John Boehner, Thomas Niehaus, Adam Kincaid, Heather Mann, Ray DiRossi, Jon Husted, Thomas Hofeller, Thomas Whatman, Kevin DeWine, Chris Jankowski, Tom Reynolds, Ed Gillespie, Michael Lenzo, John Kasich, any person associated with any member of the Ohio General Assembly, any person associated with the Republican State Leadership Committee ("RSLC"), any person associated with the National Republican Congressional Committee ("NRCC"), any person associated with the State Government Leadership Foundation ("SGLF"), or any person associated with the Republican National Committee ("RNC").

**REQUEST FOR PRODUCTION NO. 4:**

All Documents constituting any final, proposed, or draft Ohio congressional district maps generated in 2011, whether generated by You or by someone else.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents regarding or relating to the process by which the Ohio congressional maps ultimately adopted in HB 319 and 369 were created, including but not limited to Documents relating to (a) the prevention from disclosure or the timing of any disclosure in 2011 of any Ohio congressional maps considered during the redistricting process; (b) any location in which individuals met regarding, or engaged in the process of creating, any Ohio congressional district

maps, including a DoubleTree Hotel in Columbus, Ohio; (c) solicitations and offers of input from national Republicans; (d) solicitations and offers of input from state legislators; (e) solicitations and offers of input from members or potential members of the Ohio congressional delegation; (f) input, or attempted input, of Ohio citizens or other persons and any discussion or reference to that input or attempted input; and (g) any alternative maps proposed by any other person or organization, and any discussion or reference to such any alternative map proposal.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents regarding or relating to projected or possible results of elections conducted under any Ohio congressional map—including drafts and the final maps adopted as part of HB 319 and HB 369—drafted as part of the redistricting process after the 2010 Census, including but not limited to (a) any projection of results in elections from 2012 through the present, and (b) a comparison between projected results and actual results in elections from 2012 through the present.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents relating to any statement made by any person in 2010 and/or 2011 regarding or relating his/her objective(s) or hopes to achieve some result in the redistricting of the Ohio congressional map, including for example and without limitation (a) that using partisan voting data to create congressional districts could reduce the cost needed to conduct congressional campaigns; and (b) the desire to preserve 12 Republican members in the Ohio delegation to the United States House of Representatives.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents regarding or relating to the consideration of any factors in creating any draft or final versions of the Ohio congressional map, including but not limited to (a)

compactness; (b) contiguity; (c) population equality; (d) incumbency protection; (e) competitiveness; (f) preservation of communities of interest; (g) likelihood of election outcomes; (h) past election outcomes, either collectively or singularly; (i) Voting Rights Act compliance; (j) location of political campaign contributors; (k) location of the home of any potential candidate for Congress; and (l) location of any county, municipal, or other political boundary.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents constituting, regarding, or relating to any data or indices used in the process of creating or evaluating any maps—including drafts as well as the maps adopted in HB 319 and HB 369—drafted as part of the redistricting of Ohio's congressional maps after the 2010 Census, including but not limited to (a) prior election results, either singularly or collectively; (b) information provided by POLIDATA; (c) the Cook Partisan Voting Index; or (d) Block Equivalency Files.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents regarding or relating to any conference, meeting, or training concerning the topic of redistricting in 2010 or 2011 that either discussed the redistricting of the Ohio congressional map or that was attended by persons from Ohio involved with the creation of the Ohio congressional map, including but not limited to (a) agendas; (b) minutes or notes; (c) any Document provided to participants prior to, at or after the event; (d) invitations; (e) invoices or requests for reimbursement; (f) participation lists; and (g) communications relating to the meeting, conference, or training.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents regarding or relating to the REDistricting Majority Project ("REDMAP").